# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**SHAHRIYAR FARAJI**

**VERSUS**

**KRISTI NOEM, ET AL.**

**CIVIL ACTION**

**NO. 26-116-SDD-RLB**

## <u>ORDER</u>

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by ten immigration detainees in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE") and currently incarcerated at the Louisiana State Penitentiary immigration detention camp ("Angola" or "Camp 57"). Petitioners argue that their detention violates the Fifth Amendment because their deportation is not reasonably foreseeable and therefore constitutes punishment; they further argue that their detention at Angola violates the double jeopardy clause; and they allege that if they are to be detained indefinitely, they have a right to a full adversarial hearing and the right to counsel, which have not been provided.

For the Court to determine what action to take, if any, on this application,

**IT IS ORDERED** that the respondents file a response to the petition together with a memorandum of legal authorities in support of said response within **twenty-one (21) days** of service of this Order. In answer, the respondents shall provide the Court with competent summary judgment evidence indicating whether there is a significant likelihood of removal in

the reasonably foreseeable future, or whether Petitioners' detention is otherwise lawful.[1] This evidence shall include information regarding the length of time that Petitioners have been in post-removal-order custody, the dates on which their removal orders became final, any administrative decisions relating to Petitioners' requests for bond, and all documents relevant to the efforts made by immigration officials to obtain travel documents for Petitioners or other efforts to remove them.

**IT IS FURTHER ORDERED** that Petitioners serve a copy of this Order on respondents.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the filing of the response to the Petition, Petitioners may file a reply memorandum. Petitioners may also file a request for discovery or request for more time before the 14 days expire. If Petitioners file nothing within these 14 days, the Court will assume the case record is complete.

After these deadlines have passed and the record is complete, the Court will determine if genuine issues of material fact exist—that is, whether there are disagreements over facts rather than law—and if an evidentiary hearing is necessary. If no hearing is needed, the Petition will be decided in due course.

Signed in Baton Rouge, Louisiana, on February 12, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While relevant to the inquiry as to whether Petitioner's detention is lawful, a post-removal-order period of greater than 90 days but less than 6 months should not be the sole evidence provided. *See, e.g., Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits.")